United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   RICHARD SANDERSON,                    )   No. C 12-01595 EJD (PR)
                                           )
12               Petitioner,               )   ORDER DENYING MOTION TO
                                           )   ALTER OR AMEND JUDGMENT
13        v.                               )
                                           )
14   CONNIE GIPSON, Warden,                )
                                           )
15               Respondent.               )
                                           )
16   _____        )   (Docket No. 29)
17

18        Petitioner, a California inmate, filed a petition in <u>pro</u> <u>se</u> for a writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction on the grounds

20   that counsel at his resentencing hearing was ineffective for failing to obtain and

21   present mitigating evidence, including the recent discovery that Petitioner possibly

22   suffers from Fetal Alcohol Syndrome ("FAS") or Fetal Alcohol Spectrum Disorder

23   ("FASD"), that Petitioner had an unstable childhood because his parents were drug

24   addicts and his father had been physically abusive, and that as a result of the

25   foregoing, Petitioner suffers from depression.  On July 23, 2014, the Court denied

26   the petition on the merits and denied a certificate of appealability.  (Docket No. 27.)

27        Petitioner has filed a motion to alter or amend the judgment under Federal

28   Rule of Civil Procedure 52(e), on the grounds that the Court erroneously determined

Order Denying Motion to Alter Judgment
P:\PRO-SE\EJD\HC.12\01595Sanderson_recon.wpd

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

that the facts from the probation officer's report were undisputed.  (Docket No. 29 at 1.)  Petitioner also claims that the Court also did not consider other significant mitigating evidence that he suffers from physical, mental and emotional disability which explains his prior juvenile offenses and his reckless conduct in the underlying conviction.  (Id. at 4.)  In this regard, Petitioner repeats the assertions from his petition that the possibility that he suffers from FAS was a significant mitigating circumstance which counsel failed to present and which ultimately prejudiced Petitioner.  (Id. at 5-8.)

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be filed under Rule 59(e) (motion to alter or amend judgment).  Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court.  See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'"  McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).  Petitioner's motion for reconsideration is not based on newly discovered evidence or an intervening change in the law.  Petitioner asserts that the Court's reliance on the facts taken from the probation officer's report was erroneous.  However, the facts of the underlying conviction had little or no bearing on the merits of Petitioner's ineffective assistance of counsel claim, and were merely presented in the Court's Order as background information.  Furthermore,  Petitioner contends that the Court erred in failing to consider all of the mitigating evidence which counsel omitted at his resentencing hearing.  A district court does not commit clear error warranting reconsideration when the question before it is a debatable one.  See id. at 1256 (district court did not abuse its discretion in denying reconsideration

United States District Court

For the Northern District of California

1    where question whether it could enter protective order in habeas action limiting

2    Attorney General's use of documents from trial counsel's file was debatable).  The

3    question of the effect of Petitioner *possibly* suffering from FAS or FASD or other

4    physical, emotional or mental disability on the duration of his sentence is debatable,

5    and therefore it cannot be said that this Court committed clear error warranting

6    reconsideration.  Furthermore, as the Court stated in its order denying the petition,

7    there is no clearly established Supreme Court precedent governing ineffective

8    assistance of counsel claims in the context of noncapital sentencing.  (Docket No. 27

9    at 6, citing Cooper-Smith v. Palmateer, 397 F.3d 1236, 1244 (9th Cir.), cert. denied,

10   546 U.S. 944 (2005).)  Accordingly, it cannot be said that the Court committed clear

11   error in finding that the state appellate court's rejection of Petitioner's claim was

12   contrary to, or involved an unreasonable application of, clearly established Federal

13   law where no such law exists.  28 U.S.C. § 2254(d)(1); see Davis v. Grigas, 443

14   F.3d 1155, 1158-59 (9th Cir. 2006); Cooper-Smith, 397 F.3d at 1244-45.

15         Petitioner is advised that he may seek a certificate of appealability with the

16   United States Court of Appeals for the Ninth Circuit to appeal this matter.  See

17   United States of Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

18         This order terminates Docket No. 29.

19

20   DATED: _____10/3/2014_____

21                                              EDWARD J. DAVILA
                                                United States District Judge

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RICHARD SANDERSON,

                Petitioner,

   v.

CONNIE GIPSON, Warden,

                Respondent.

_____/

Case Number: CV12-01595 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____10/3/2014_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard Sanderson F-43953
Corcoran State Prison
P. O. Box 3481
Corcoran, CA 93212

Dated: _____10/3/2014_____

                          Richard W. Wieking, Clerk
                    /s/ By: Elizabeth Garcia, Deputy Clerk