IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROB JOSEPH SIMMONS,<br><br>    Petitioner,<br><br>  v.<br><br>MAGUIRE CORRECTIONAL<br>FACILITY OF SAN MATEO<br>COUNTY, et al.,<br><br>    Respondents. | No. C 14-00528 EJD (PR)<br><br>ORDER DENYING CERTIFICATE OF<br>APPEALABILITY |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 3, 2014, the Court dismissed the case pursuant to Northern District Local Rule 3-11, when mail directed to Petitioner was returned to the court as not deliverable and Petitioner failed to provide the Court with a current address within sixty days thereafter. (See Docket No. 15.) On August 19, 2015, Petitioner filed a notice of appeal. (Docket No. 16.) The Ninth Circuit has remanded the case to this Court for the limited purpose of granting or denying a certificate of appealability (COA).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional

Order Denying COA
P:\PRO-SE\EJD\HC.14\00528Simmons_deny.COA.wpd

claims and one directed at the district court's procedural holding." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.

For the reasons discussed above, Petitioner has not shown that jurists of reason would find it debatable whether the Court was correct in its procedural ruling that Petitioner had failed to notify the Court of his current address after mail directed to him was returned to the Court as not deliverable. Accordingly, the COA is DENIED.

The Clerk of the Court shall transmit a copy of this Order to the Ninth Circuit.

DATED: 9/8/2015

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT JOSEPH SIMMONS,

        Plaintiff,

  v.

MAGUIRE CORRECTIONAL FACILITY
OF SAN MATEO COUNTY, et al.,

        Defendants.
                                          /

Case Number: CV14-00528 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   9/9/2015  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rob Joseph Simmons #1061745
San Mateo County Jail
Maguire Corr. Facility
300 Bradford Street
Redwood City, CA 94063-1530

Dated:   9/9/2015

                                    Richard W. Wieking, Clerk
                               /s/ By: Elizabeth Garcia, Deputy Clerk